**Derrick L. BROWN, Appellant**

v.

**UNITED STATES ATTORNEY and Loretta E. Lynch, Appellees.**

**No. 14–5033.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 18, 2015.

Derrick L. Brown, Lewisburg, PA, pro se.

Warden, United States Penitentiary, Lewisburg, PA, for Appellant.

R. Craig Lawrence, Elizabeth Trosman, Esquire, U.S. Attorney's Office, Washington, DC for Appellee.

BEFORE: BROWN and KAVANAUGH, Circuit Judges; GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed January 3, 2014, and March 7, 2014, be affirmed. The district court correctly held that it could not address challenges to appellant's sentence under 28 U.S.C. § 2255 because appellant was convicted in the Western District of Tennessee and that it could not entertain a petition for a writ of habeas corpus because it lacked jurisdiction over his custodian. *See, e.g., Rumsfeld v. Pa-dilla,* 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Although appellant insists that this is a civil action, he may not escape the requirements of § 2255 or the habeas statutes by labeling it as such, given the nature of his claims and the relief sought. *See, e.g., Rooney v. Secretary of the Army,* 405 F.3d 1029 (D.C.Cir. 2005); cf. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.